[No. 2097.   Decided September 17, 1896.]

DEL CARY SMITH, *Respondent*, v. ELLA W. SMITH, *Appellant*.

#### DIVORCE — CUSTODY OF CHILDREN.

The care and custody of children of tender years should be awarded to the mother upon the granting of a divorce, when it is not made to appear that the mother is not a proper person to have the care and control of her children.

Appeal from Superior Court, Jefferson County.— HON. J. G. McCLINTON, Judge. Reversed.

*A. W. Buddress*, and *W. R. Gay*, for appellant.

*Trumbull & Trumbull*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The only real controversy presented in this case, or at least the only error which was alleged in the oral discussion in this court, was the awarding of the care and custody of the daughter, Mildred Helen Smith, to the plaintiff.

An examination of the long record in this case fails to convince us that the mother is not a proper person to have the care and control of her children, and, the children both being of tender years, under the general rule their care and custody should have been awarded to the mother, the defendant in this case.  The second paragraph of the decree provides that the four year old girl, Mildred Helen Smith, be awarded to the plaintiff, and that the care and custody of the infant daughter be awarded to defendant, and that the plaintiff be required to pay to the defendant on the first day of each and every month, until further order of the court, the sum of fifteen dollars as alimony and for the support of said child awarded her; and further decrees that each of the parties shall have the right at reasonable times to visit and see the child hereby awarded to the other.

This case will be remanded to the lower court with instructions to change said paragraph to the effect that the care and custody of both the children mentioned in the decree be awarded to the defendant, and that the plaintiff be required to pay to the defendant, on the first day of each and every month, the sum of twenty-five dollars as alimony and for the support of said children awarded the defendant, with the provision in the decree that the plaintiff shall have the right at reasonable times to visit and see the children above mentioned.  The remaining part of the decree

will not be disturbed.  The costs of the case will be taxed to the respondent.

HOYT, C. J., and ANDERS and SCOTT, JJ., concur.