OBEROSLER, Respondent, v. OBEROSLER, Appellant.

No. 9330.

Submitted May 21, 1954. Decided July 1, 1954.

272 Pac. (2d) 1005.

Messrs. Frisbee and Moore and Mr. Selden S. Frisbee, Cut Bank, for appellant.

Messrs. Doyle and Francisco and Mr. D. W. Doyle, Conrad, for respondent.

Mr. Frisbee and Mr. Doyle argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff and defendant were intermarried on March 11, 1944. On June 5, 1952, plaintiff filed action for a divorce. Defendant in writing waived his right to appear and answer the complaint and on June 10th a decree of divorce was entered. The decree awarded the custody, care and control of Linda Darlene, a minor daughter, to plaintiff, and Vivian Marie,

another minor daughter, to defendant. Each parent was given the right of visitation with the daughter awarded to the other at all reasonable times and intervals.

On December 12, 1952, plaintiff filed application for modification of the decree by awarding the care, custody and control of Vivian to her. The application was supported by her affidavit. In the affidavit it is stated that Vivian was then six years of age and Linda eight years of age; that both of the girls love and care for each other; that plaintiff has married since the rendition of the divorce decree and that she is now living with her husband, William McClanahan, on a farm in the vicinity of Cut Bank; that defendant resides with his mother at Browning and that defendant's mother has the care of Vivian. It charges that defendant is not a fit and proper person for several alleged reasons to have the custody of Vivian.

After hearing and on May 22, 1953, the court made an order modifying the decree of divorce by awarding the custody and control of Vivian to plaintiff during the school vacation period each year and defendant to have the custody and control during the regular school term from approximately September 1st to June 1st of each year; the modified decree provided that defendant pay to plaintiff $75 per month for the support and maintenance of Vivian during such time as she is in plaintiff's care, custody and control; the modified decree requires defendant to deliver Vivian to plaintiff at Cut Bank on June 1st of each year or as soon thereafter as the school term ends at Browning and that he shall receive Vivian from plaintiff at Cut Bank on September 1st of each year; each parent was given the right of visitation when the child is in the custody of the other for one weekend each month at approximately the middle of the month and beginning on Friday afternoon and ending on the following Sunday afternoon. A further modification was made on May 23rd by order filed May 29th, wherein plaintiff was given the custody from Christmas Eve in the year 1953 to December 26th in that year and each odd numbered year thereafter, and defendant to have custody at Thanksgiving time in

that year and each odd numbered year thereafter; in each even numbered year their positions were to be reversed on those holidays. Each party has appealed from the orders modifying the original decree.

Defendant contends that the orders modifying the decree are not sustained by the evidence and that they are against the law and the evidence. He contends that there is lacking any showing of a change of conditions since the rendition of the decree to warrant a modification. His position is that there must be a change of conditions before there can be a modification. That rule finds support in Jewett v. Jewett, 73 Mont. 591, 237 Pac. 702, but the later case of Wolz v. Wolz, 110 Mont. 458, 102 Pac. (2d) 22, takes the contrary view.

It is unnecessary in this case to choose between these two cases. There was in this case a sufficient showing of a change of conditions to move the discretion of the court. While perhaps not a controlling consideration, the subsequent marriage of the mother of the child is a circumstance to be considered by the trial court along with other factors in determining the question of the custody of a minor child. The rule is stated in 27 C. J. S., Divorce, sec. 317, p. 1192, as follows: "Marriage of one of the parents after the decree may be considered with other factors, but it is not of itself a controlling consideration * * *." Among other cases supporting the text are the following: Ott v. Ott, 127 Cal. App. 322, 15 Pac. (2d) 896; Clayton v. Clayton, 117 Cal. App. (2d) 7, 254 Pac. (2d) 669; Ramsden v. Ramsden, 32 Wash. (2d) 603, 202 Pac. (2d) 920.

Here, in addition to the subsequent marriage of plaintiff, the court properly gave consideration to the fact that the mother already had the custody of Linda and considered the advantage to Vivian of having the companionship of her sister at least a part of the time. Ex parte Bourquin, 88 Mont. 118, 290 Pac. 250.

Some of the grounds of unfitness on the part of the father were not supported by evidence. On the other grounds the evidence offered was conflicting. When this is so, we will

not disturb the finding of the trial court. Hence, we start out with the presumption that both parties are fit and proper persons to have the custody of the child. This was recognized by the original decree giving one child to each of the parties. This is the implied finding in the modified decree. Defendant has no ground upon which to complain of the court's ruling.

But plaintiff contends that she should have the exclusive control and custody of Vivian and that the court erred in granting a divided custody. Some courts have held that a divided custody should be avoided when possible. Richardson v. Richardson, 72 Idaho 19, 236 Pac. (2d) 718, and cases therein cited.

Must plaintiff's appeal be sustained because she was not awarded the exclusive custody of Vivian?

The matter was one that rested in the discretion of the trial court and we are not disposed to interfere with that discretion where, as here, there is no clear showing of its abuse. In reaching this conclusion we have given full consideration to R. C. M. 1947, sec. 91-4515, and to the well settled rule that all other things being equal, a child of tender years should have the mother's care and attention. Many cases support this rule, of which the cases of McFadden v. McFadden, 22 Ariz. 246, 196 Pac. 452; Smith v. Smith, 15 Wash. 237, 46 Pac. 234; Prothero v. Prothero, 137 Wash. 349, 242 Pac. 1; Ross v. Ross, 89 Colo. 536, 5 Pac. (2d) 246, 78 A. L. R. 313; Sauvageau v. Sauvageau, 59 Idaho 190, 81 Pac. (2d) 731; Krieger v. Krieger, 59 Idaho 301, 81 Pac. (2d) 1081; Borigo v. Borigo, 142 Or. 46, 18 Pac. (2d) 810, are typical.

Here at the time of the divorce action the mother surrendered the custody of Vivian to defendant. Ever since that time defendant has had her custody. She is kept by defendant at the home of defendant's parents where defendant also lives. We cannot say that the court abused its discretion in allowing the custody to remain unchanged during the school term as was done here.

It should be noted that the court was careful to order that

each of the parties refrain from in any way attempting to influence, bias or prejudice Vivian against the other. The court, of course, retains jurisdiction over the matter to make such order as may be proper in the event that the order is violated in that or any other respect.

The orders appealed from are affirmed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES BOTTOMLY, FREEBOURN and ANDERSON, concur.