MARIE J. HURLY, Plaintiff and Respondent, v. ROBERT W. HURLY, Defendant and Appellant.

No. 10652.

Submitted September 27, 1965. Decided February 2, 1966.

411 P.2d 359.

John M. Kline, Robert Hurly (argued), Glasgow, for appellant.

Paul G. Olsen (argued), Gerald Christensen, Billings, for respondent.

HONORABLE W. W. LESSLEY, District Judge, sitting in place of MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

On July 25, 1963, and after trial, the District Court of the Seventeenth District, Valley County, granted a divorce to plaintiff, Marie J. Hurly. The Court also awarded the custody of the two minor daughters. The defendant, Robert W. Hurly, appeals from that judgment.

The appeal specifies nine errors of the trial court. These errors can be given the single characterization as abuse of judicial discretion and a failure of evidence to support the Court's findings.

The record, now before us shows the marriage of the parties on August 1, 1944. Two daughters, Candace L. Hurly and Irene A. Hurly, are the issue of that marriage; at the time of the original hearing on July 1, 1963, Candace was past thirteen and one-half years and Irene almost eleven years.

The trial judge characterized this family in these words: "Up until about a year and a half ago the parties litigant in the words of the poet 'pursued the smooth and even tenor of their ways.'"

It is not necessary nor helpful for the decision of this case to recite, in detail, the unhappiness of this family, since a year and a half prior to the divorce proceedings. Nor does it serve our purpose to enumerate, in clinical detail, the serious mental illness suffered by Marie J. Hurly in 1961.

The errors specified resolve themselves to two basic issues.

These basic issues may be phrased into questions, the answers of which will resolve this appeal. These questions are: Who should prevail in the divorce? Who shall be awarded custody of the two daughters?

Let us consider the first question as to who shall prevail in the divorce. The trial court found the defendant, Robert W. Hurly, guilty of extreme cruelty; it further found the plaintiff, Marie J. Hurly, entitled to a decree of final divorce. In its opinion accompanying the Findings, the Court stated: "The testimony introduced, by a preponderance of the evidence, in the opinion of the Court supports this premise."

We can, and do, summarize this phase of the case on who should be given the divorce by stating there was a clear and definite conflict of evidence. The Court found the evidence preponderating in favor of Marie J. Hurly. Our law is clear in such case. Let the evidence be in conflict, let the trier of fact determine the findings under the evidence, and this Court will not disturb that finding, unless the evidence clearly preponderates against the finding.

Williams v. Williams, 85 Mont. 446, 449, 278 P. 1009, 1011, states the rule we follow here in this language: "Where as here, the evidence in a case tried before the court without a jury is in conflict, the court's decision is conclusive on appeal; the trial court being in a more advantageous position, in consequence of seeing and hearing the witnesses and observing their demeanor and manner of testifying, to determine their credibility than this court upon a review of the cold record. [Citing cases.] And in an action for divorce, as in other equity cases, the findings of the trial court will not be disturbed on appeal, unless the evidence decidedly preponderates against them." This position has recently been reaffirmed by Chief Justice James T. Harrison in Bell v. Bell, 133 Mont. 572, 328 P.2d 115.

The second question is more difficult, it deals with the right of custody of the two daughters. Our statutes codified and the case law underlined the simple rule of all custody

cases, that is, that the paramount concern is the welfare and best interests of the children. R.C.M.1947, § 91-4515, subd. 1, as amended; Barbour v. Barbour, 134 Mont. 317, 330 P.2d 1093; Barham v. Barham, 127 Mont. 216, 259 P.2d 805; Campbell v. Campbell, 126 Mont. 118, 245 P.2d 847; McDonald v. McDonald, 124 Mont. 26, 218 P.2d 929, 15 A.L.R.2d 1260.

The difficulty of the custody problem lies not in the law, but in an analysis of the facts and in the application of the law. The District Court first faced this difficulty and in its Finding of Fact 2 it stated, "Without limitation of the foregoing general Finding the Court specifically finds that each of the parties are fit and proper to have such custody as may from time to time be awarded of the two children." The Court further in its Conclusion of Law 3 said, "That the parties are each entitled to partial custody of the minor children of the parties hereto."

The Court in its Judgment based on the Findings and Conclusions gave the custody of the children for the school year to the mother. It is noted that in its opinion, the Court made these prescience remarks. "This Court had occasion, to twice visit with these girls and at the conclusion of the second interview on July 1, last, was shocked to learn of the hatred expressed by the older child for their mother. The expressions were so bitter that this Court is of the opinion that much will have to be done by the mother to reestablish herself in the affections of this child."

The Court then granted custody of the eldest daughter, Candace, to her father with visitation rights to the mother; the custody of the youngest daughter, Irene, went to the mother with visitation rights to the father.

We have no quarrel with the rule of conduct of child custody matters as stated in Cleverly v. Stone, 141 Mont. 204, 378 P.2d 653, where quoting from Jewett v. Jewett, 73 Mont. 591, 237 P. 702, the court said:

" 'When a controversy arises between parents over the right

to the custody of children, the duty of deciding it is a delicate one, which is lodged with the district court or the judge thereof. The judge hearing oral testimony, in such a controversy has a very superior advantage in determining the same, and his decision ought not to be disturbed except upon a clear showing of an abuse of discretion.'"

Subsequent events have indicated the wisdom of the trial court's custody order regarding the older daughter. These same events have underlined its doubts as to placement of the youngest daughter with her mother. Presently, and for some long time, the youngest daughter has lived with her father. The situation now is, that both daughters are living amicably and happily with their father; this custody arrangement is in accordance with the expressed desires of both daughters. We cannot overlook the present ages of both; each child is at sufficient age to form an intelligent opinion as to custody. R.C.M. 1947, § 91-4515, subd. 1; Boles v. Boles, 60 Mont. 411, 414, 199 P. 912. Any kind of reading of the record indicates that this desire of both girls to live with their father was a long existing one.

There is sufficient evidence to warrant and support the Court's finding of $100.00 per month as alimony for the plaintiff, until remarriage. No purpose will be served in further discussion of this phase of the controversy.

This case has been one of legal travail. The preparation prior to the original hearing, the original hearing, and subsequent hearing before this Court and finally this hearing indicate the legal work here involved. The District Court has set the fee for attorney services after full hearing and consideration. We will not add nor subtract from it. R.C.M.1947, § 21-137.

We feel the costs high and set them at actual costs incurred and allow the lower court to settle them at a hearing on Memorandum of Costs.

We find that subsequent events and the daughters' expressions and acts have confirmed the Court's uncertainty as to that placement.

Subsequent the appeal herein, the defendant father remarried; and as a result thereof a motion to dismiss the appeal was made on the general grounds that the appeal had been rendered moot by remarriage. Because of our disposal of the case on its merits as herein, further discussion about the motion to dismiss is not required.

A review of the record here indicates that the best interests of the children will be served if both daughters are left in the care, custody and control of the father in the family home. This is done. In all other particulars, we affirm the decisions of the District Court.

MR. JUSTICES JOHN C. HARRISON, DOYLE, ADAIR and CASTLES concur.