IN THE MATTER OF DECLARING FRANCES MARGARET
SHERIFF, JOAN MARIE SHERIFF, DALE ANTHONY
SHERIFF, DONALD ALEXANDER SHERIFF AND
JEANNIE BABETTE SHERIFF, DEPENDENT AND NE-
GLECTED CHILDREN, APPELLANTS.

No. 10901.

Submitted January 14, 1966. Decided February 17, 1966.

410 P.2d 940.

Rhoda M. Grosse (argued), Wolf Point, for appellants.

Forrest H. Anderson, Helena, Gordon T. White (argued),

Glasgow, Thomas H. Mahan, Sp. Asst. Atty. Gen. (argued), Helena, Lawrence Miyasato, Glasgow, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from an order entered in the Seventeenth Judicial District for Valley County, Montana, the Honorable Thomas Dignan as presiding Judge.

This litigation was instituted by filing a petition for permanent custody of four children by the director of the Division of Child Welfare of the State of Montana, Joseph H. Roe as petitioner, under the provisions of section 10-501, R.C.M.1947, relating to dependent and neglected children.

Hearing was had on March 24, 1965, concerning four children, Frances Margaret, born October 13, 1958, Joan Mary, born May 15, 1961, Dale Anthony, born December 28, 1954, and Donald Alexander, born July 2, 1957. The appellant here, Donald Andrew Sheriff is the natural father of all four children but the mother of the girls, Frances and Joan, was Ethel Elvina Storksen Sheriff, now deceased. The mother of the two boys, Dale and Donald, was Georgia Patricia Dohrman Sheriff, divorced from appellant prior to his marriage to Ethel.

Eleven witnesses were sworn and testified. The trial court, out of the presence of all parties, carefully interviewed the four children separately.

The record is rampant with testimony which discloses a complete disregard of the health, safety and happiness of the children by the appellant, and is anything but compatible with their welfare.

The court made its order that Frances Margaret Sheriff and Joan Mary Sheriff are dependent and neglected children under the provisions of section 10-501, R.C.M.1947.

As to Dale Anthony Sheriff and Donald Alexander Sheriff, minor sons of appellant, the trial court found that the two boys were not neglected and dependent children and denied the petition.

■ Appellant appeals from that part of the court's order finding Frances and Joan Sheriff, dependent and neglected children and awarding their custody, care and control to the department of Public Welfare and cites as his sole specification of error, that there was not substantial evidence to support the finding.

Avoiding the specific acts of the appellant, in careful detail, we observe these generalizations contained in the record

Appellant was employed as a janitor and also as landscape workman in season. By reason of the large family, illness and low income he was never situate to a degree of affluence that made possible the necessities of life at all times for his family.

Additionally, he seemed imbued with ideas relating to the rearing of small children that are not given either approval or cognizance by doctors and other juvenile authorities. The multitude of appellant's problems were such as to make his temper erratic and to cause profanity not conducive to correctly guiding young, impressionable girls toward an adult life.

The various acts and conducts, which we have referred to as unapproved by doctors and juvenile authorities, were testified to by neighbors, relatives and others who would have first-hand observations. All of these were concerned with the health and welfare of young children and need not be repeated here, but were sufficient, if believed as they were by the trial judge, to be substantial evidence of dependency and neglect of children.

■ This court has stated many times over the years that our primary obligation, and paramount consideration is for the welfare of the children. Hurly v. Hurly, 147 Mont. 118, 411 P.2d 359; Anderson v. Anderson, 145 Mont. 244, 400 P.2d 632; Bell v. Bell, 133 Mont. 572, 328 P.2d 115.

In Oberosler v. Oberosler, 128 Mont. 140, 272 P.2d 1005, we stated: "The matter was one that rested in the discretion of the trial court and we are not disposed to interfere with that dis-

cretion where, as here, there is no clear showing of its abuse."
Since the trial court does not appear in any particular to have abused its discretion the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, ADAIR and CASTLES concur.