No. 12360

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

IN THE MATTER OF DECLARING
JULIA ANN BAD YELLOW HAIR,
VIRGINIA TALE, DONALD CHRIS
TALE, JR. and RONALD CHARLES TALE,
Dependent and Neglected Children.

---

Appeal from:  District Court of the Thirteenth Judicial District,
Honorable A. B. Martin, Judge presiding.

Counsel of Record:

For Appellant:

Harold F. Hanser, County Attorney, Billings, Montana.
C. W. Jones, Deputy County Attorney, argued, Billings,
Montana.
Thomas H. Mahan argued, Helena, Montana.

For Respondent:

Harwood, Galles, Gunderson and Beiswanger, Billings,
Montana.
Gary L. Beiswanger argued, Billings, Montana.

---

Submitted:  March 28, 1973

Decided: APR 2 3 1973

Filed: APR 2 3 1973

Thomas J. Kearney
Clerk

PER CURIAM:

In a dependent and neglected child proceeding, the district court of Yellowstone County entered a judgment awarding the state welfare department permanent custody of four minor children with authority to consent to their adoption. Approximately a year later the same court, with a different judge presiding, set aside this judgment on the ground of undue influence on the natural mother and fraud upon the court. The county and state welfare departments now appeal from this order setting aside the prior judgment.

Ida Joyce Ferguson, formerly Ida Joyce Tale, is the natural mother of the four minor children here involved. She is the respondent in the instant case. Appellants are the county and state welfare departments.

On March 20, 1969, the district court of Yellowstone County declared the four minor children to be dependent and neglected and awarded their temporary custody to the welfare department. Their natural mother was committed to the state hospital at Warm Springs for alcoholism where she remained for about a month. A few months after her release, she was declared insane and recommitted to the state hospital as a result of an attempt to commit suicide by taking an overdose of tranquilizers. She remained in the state hospital about a year and was eventually released in September, 1970. About a year later on August 27, 1971, the district court entered an order of restoration to capacity of the natural mother.

On September 14, 1971 the natural mother signed the affidavits of waiver of notice of hearing and consent to adoption of each of the four minor children. About two weeks later the welfare department petitioned the court for an order granting it permanent custody of the four minor children with authority to

- 2 -

consent to their adoption. On October 22, 1971 a hearing was held on this petition in the district court of Yellowstone County. The natural mother did not appear. On November 8, 1971 the district court, apparently in reliance on the affidavits and consents of the natural mother, entered judgment declaring the four minor children to be "dependent and neglected", granting their permanent custody to the welfare department and authorizing the welfare department to consent to their adoption.

The minor children have been in the custody of the welfare department since early 1969 and have resided in foster homes provided by the welfare department.

On July 31, 1972 the four minor children left the State of Montana and went to the State of Michigan for purposes of adoption.

On August 2, 1972 the natural mother filed a petition in the district court of Yellowstone County, Montana seeking to set aside the November 8, 1971 judgment of that court awarding the welfare department the permanent custody of the four minor children with the right to consent to their adoption.

A hearing was held on this petition and on October 26, 1972 the district court entered findings of fact, conclusions of law, and judgment setting aside the prior judgment of November 8, 1971. The gist of the findings and judgment was as follows: (1) the waivers and consents executed by the natural mother were induced by undue influence, (2) the failure of the welfare department to disclose the then existing fitness of the natural mother for custody constituted fraud upon the court, (3) that the natural mother is now a fit person capable of providing for her children. We note additionally that the evidence disclosed that the natural mother had remarried in November, 1971 and now resides with her husband who is gainfully employed,

- 3 -

providing an adequate home, and has shown a desire to care for the children and the district court so found.

The county and state welfare departments now appeal from the judgment of October 26, 1972 on numerous grounds. They seek review of the district court findings relating to the competency of the natural mother when she signed the affidavits of waiver and consent, the sufficiency of the evidence to support a finding that the children were "dependent and neglected", and the jurisdiction of the district court.

In our view, the determinative issue in this appeal is the jurisdiction of the district court to set aside its permanent custody award to the welfare department and award custody to the natural mother.

At the outset we note that the prior judgment was set aside on two grounds: (1) fraud upon the court consisting of nondisclosure of the existing fitness of the mother for custody with regard to her emotional stability, and (2) undue influence by the welfare department in inducing the natural mother to sign the affidavits and consent to permanent custody in the welfare department with right of adoption.

Directing our attention initially to the matter of fraud upon the court, we agree with respondent that such ground authorizes setting aside a prior judgment. Such fraud may consist of affirmatively misrepresenting facts to the court or of concealment of material facts by a person who is under a legal duty to make a full disclosure to the court. Selway v. Burns, 150 Mont. 1, 429 P.2d 640.

The power of the court to set aside a judgment on the basis of fraud upon the court is inherent and independent of statute, and the timeliness of proceedings to set aside a prior judgment so obtained is not subject to the six months time

- 4 -

limitation in Rule 60(b), M.R.Civ.P., but must ultimately depend upon equitable principles and the sound discretion of the court. Selway v. Burns, supra.

In the instant case respondent contends and the district court found that fraud was committed on the court when the welfare department failed to present all the facts concerning the emotional stability of the natural mother at the October 22, 1971 hearing.

We do not agree. That hearing involved two basic issues: (1) whether the four minor children were in fact "dependent and neglected" within the meaning of section 10-501, R.C.M. 1947, and (2) if so, whether the children's best interests and welfare would be served by awarding their permanent custody with right of adoption to the welfare department.

The facts clearly establish that the children were "dependent and neglected". They had been so declared almost three years previously by a valid order of the district court. They had been continuously in the care and custody of the welfare department since that time. Their necessities of life had been continuously provided at public expense for almost three years. Their natural mother had at least acquiesced and permitted this state of affiars to continue for more than a year following her release from the state hospital at Warm Springs.

These same facts and their resulting effects on the four children also support the district court's order awarding permanent custody with the right of adoption to the welfare department. The childrens' best interest and welfare, not that of the natural mother, is the paramount consideration. In the Matter of Vikse, 147 Mont. 417, 413 P.2d 876; Hurly v. Hurly, 147 Mont. 118, 411 P.2d 359; In re Holman's Adoption, 80 Ariz. 201, 295 P.2d 372; Moreau v. Buchholz, 124 Colo. 302, 236 P.2d 540; Stalder

v. Stone, 412 Ill. 488, 107 N.E.2d 696. We are mindful that ordinarily a child's interests and welfare will best be served by retaining custody in the natural parents. However, the circumstances of the individual case may require a different result.

In the instant case the children had been separated from the natural mother and subjected to public care in foster homes for almost three years. During that period, the children had only the barest minimal contact with her. The unsatisfactory character of this temporary status, the increasing needs of the children as they grow older, and the increasing difficulty of adoption as the ages of the children progress all demand a more permanent solution, the emotional stability of the mother notwithstanding. Under such circumstances it was not incumbent on the welfare department to assume the burden of proving every fact relating to the natural mother's emotional stability at the time of the hearing where, as here, she had apparently consented to permanent custody with right of adoption in the welfare department. This is not such fraud upon the court as will support setting aside the prior judgment.

Proceeding to the issue of undue influence, we note that it is a species of fraud that constitutes a ground for setting aside a prior judgment. Riley v. Byrne, 145 Mont. 138, 399 P.2d 980. The district court found that the waivers and consents signed by the natural mother had been induced by undue influence and this finding is supported by substantial, though conflicting, evidence. Ordinarily this would be sufficient to authorize the court to set aside its prior judgment and readjudicate custody rights.

But here we must consider intervening events prior to the natural mother's application for relief from the prior judgment.

Custody of the four minor children had been transferred to the adoptive parents. They had taken the children to their home in Michigan. The children were no longer domiciled in Montana nor physically present within Montana's borders. Prior to the Montana hearing on the natural mother's application for relief from prior judgment, the Michigan court had assumed jurisdiction over their adoption. Unlike custody awards involving minor children in divorce actions, there is no continuing jurisdiction in dependent and neglected child proceedings to alter or modify a permanent custody award with right of adoption. Here the Montana district court had lost jurisdiction over the persons of the four minor children at the time of the natural mother's application for relief from the prior judgment irrespective of its jurisdiction over the subject matter of the prior judgment. The natural mother's application for relief in the Montana district court was not timely as Montana had previously lost jurisdiction over the persons of the four minor children.

The order of the district court of Yellowstone County dated October 26, 1972 is vacated and set aside.


        Honorable Edward T. Dussault, District Judge, sat in place of Mr. Chief Justice James T. Harrison who did not participate in the cause.