This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                      **No. 31,931**

**ANTHONY READ,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Samuel L. Winder, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals from the district court's affirmance of his convictions for aggravated DWI (second offense, refusal), careless driving, and no proof of insurance. [RP 144] Our notice proposed to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to argue that the evidence was insufficient to show that he was driving while impaired, as required for his conviction for aggravated DWI (second offense). [MIO 10; DS 11; RP 140, 144] Defendant was convicted of DWI pursuant to the portions of the statute which prohibit both driving while impaired to the slightest degree and refusing to submit to chemical testing. *See* NMSA 1978, § 66-8-102(A) & (D)(3) (2010); *see also State v. Dutchover*, 85 N.M. 72, 73, 509 P.2d 264, 265 (Ct. App. 1973) (observing that DUI may be established through evidence that the defendant's ability to drive was impaired to the slightest degree).

We note initially that Defendant refers to both the federal constitution and Article II, Section 18 of the New Mexico Constitution in support of his argument. [DS 11; MIO 10; RP 115] To the extent Defendant broadly asserts that he may be entitled to greater protection under the New Mexico Constitution, he provides this Court with no specific argument in support of this assertion, and for this reason we do not engage in a separate analysis to address his conviction under the New Mexico Constitution.

*See State v. Gonzales*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111 (stating that "this Court has no duty to review an argument that is not adequately developed").

As set forth in our notice, Defendant was driving fifty-five to sixty-five miles per hour in a thirty-five mile-per-hour speed zone. [DS 1; RP 142] In addition, Defendant showed signs of intoxication—he emitted a strong odor of alcohol, [DS 2; RP 142] had bloodshot, watery eyes [DS 2; RP 142] and slurred speech, [DS 2; RP 142] and had to use his vehicle for balance as he walked. [DS 2] Further, Defendant failed to perform field sobriety tests pursuant to Officer Lujan's instructions and was not able to successfully complete the field sobriety tests. [DS 2-5; RP 142] Moreover, when Officer Lujan asked Defendant if he had consumed any alcohol, Defendant nodded his head up and down, saying "Come on, you know," which Officer Lujan understood to mean "yes." [DS 7; RP 142] Lastly, Officer Lujan observed the twenty-minute deprivation period [DS 6], read Defendant the Implied Consent Advisory [DS 6], and ensured that the Intoxilyzer was working properly. [DS 6] Officer Lujan then offered Defendant a breath test [DS 6], and Defendant refused to submit to chemical testing. [DS 6; RP 142]

We hold that the foregoing facts support Defendant's conviction for DWI. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider

adequate to support a defendant's conviction); *see also State v. Gutierrez,* 1996-NMCA-001, ¶ 4, 121 N.M. 191, 909 P.2d 751 (upholding a DWI conviction based on behavior evidence when the defendant smelled of alcohol, had bloodshot and watery eyes, failed field sobriety tests, admitted to drinking alcohol, and the defendant's vehicle was weaving into other traffic lanes); *Dutchover*, 85 N.M. at 73, 509 P.2d at 265 (observing that DUI may be established through evidence that the defendant's ability to drive was impaired to the slightest degree).

We acknowledge Defendant's continued arguments that countervailing considerations undermine the sufficiency of the State's evidence that he was driving while impaired. In this regard, Defendant emphasizes that Officers Lujan and Cobos gave inconsistent testimony as to his performance on field sobriety tests [MIO 12], that Officer Lujan's instructions were not as exactly as prescribed in the NHTSA Manual [MIO 13], that Officer Lujan spoke so fast that any sober person would have trouble understanding his instructions [MIO 14], and that his performance was a reflection of fatigue rather than impairment. [MIO 14] Defendant's arguments, however, amount to an invitation to re-weigh the evidence, which we cannot do. *See generally State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (observing that the evidence must be viewed "in the light most favorable to the state," and that the reviewing court "does not weigh the evidence and may not substitute its judgment

4

for that of the fact finder"); *see also State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (observing that the fact finder is "not obligated to believe Defendant's testimony, to disbelieve or discount conflicting testimony, or to adopt Defendant's view").

Similarly, we acknowledge Defendant's assertion that "[o]ther than speeding" [MIO 12], his driving was flawless, such that there was a lack of evidence that his driving was compromised. In our view, however, Defendant's act of driving fifty-five to sixty-five miles per hour in a thirty-five mile-per-hour zone [DS 1; RP 142] is indicative of impaired driving to support his conviction. *See State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446 (recognizing that a "person is under the influence of intoxicating liquor if as a result of drinking liquor the driver was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the driver and the public" (alterations, internal quotation marks, and citation omitted)). Although Officer Cobos on cross-examination stated that had he seen Defendant do anything that endangered the public, he would have immediately pulled him over rather than following him for approximately three miles [MIO 1, 12], the fact finder was entitled to weigh his testimony and assess that driving twenty to thirty miles over

the speed limit while intoxicated did endanger the public. *See State v. Sutphin*, 107 N.M. at 131, 753 P.2d at 1319 (holding that the fact finder weighs the evidence).

Lastly, we acknowledge Defendant's view that field sobriety tests are not probative of impairment, because the tests were designed to correlate with specific blood alcohol concentrations. [MIO 12-13] Evidence of Defendant's unsatisfactory performance on the field sobriety tests was presented to illustrate his apparent inability to follow directions, maintain balance, and perform other simple tasks. These are commonly-understood features of intoxication that are probative of impairment. *See, e.g, State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (observing that the subject's unsatisfactory performance on field sobriety testing, including his failure to follow instructions and lack of balance, constituted signs of intoxication which supported his conviction for driving under the influence of intoxicating liquor); *State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 (recognizing that most field sobriety tests are self-explanatory and address commonly understood signs of intoxication). And other evidence as discussed above—Defendant's speeding, signs of intoxication, and apparent admission to drinking alcohol—provided the fact finder with additional evidence upon which to convict him for DWI. *See generally State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (stating that fact

finders may draw on their life experiences and understanding of human behavior during a state of intoxication to draw reasonable inferences).

**CONCLUSION**

For the reasons set forth herein and in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK T. KENNEDY, Judge**