**FILED**

04/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AC 17-0694

IN THE ASBESTOS CLAIMS COURT OF THE STATE OF MONTANA
Cause No. AC 17-0694

IN RE ASBESTOS LITIGATION,

*Consolidated*
Cases.

THIS DOCUMENT RELATES TO:

## ORDER APPROVING ODEGAARD KOVACICH SNIPES, P.C., ATTORNEY FEES

This matter is before the Court on OKS Plaintiffs' (OKS Libby Mine Claimants) motion for approval of attorney fees. Hearing was held before this Court on April 6, 2021, on the joint motion for approval of settlement. On the basis of the motion for Court approval of attorney fees, and hearing on the joint motion for approval of settlement, good cause appearing, and the Court having fully considered the same, now enters the following:

### FINDINGS OF FACT

1. Beginning in the late 1960s and increasingly into the 1990s, Zonolite Mining Company/W.R. Grace (collectively "Grace") employees, former employees, and family members made claims against Grace for asbestos-related

diseases. Many claims settled, various cases were tried to verdict, and certain cases involved appeals to the Montana Supreme Court and the U.S. Ninth Circuit Court of Appeals. The OKS Libby Mine Claimants included in this settlement allege that the State of Montana is liable in damages for the asbestos-related diseases suffered. Claimants filed claims against the State seeking to establish the legal liability of the State of Montana and to recover monetary damages resulting from that liability.

2. The OKS Libby Mine Claimants have extensively litigated their claims, as have those similarly situated before them. Over the years of litigation between the parties, there has been the exchange of comprehensive written discovery, complex and detailed expert reports, taking of numerous depositions, and briefing of complex motions, to which tasks the OKS Libby Claimants' counsel have dedicated thousands of hours over a number of years.

3. Negotiations led to a formal mediation conference. At the conclusion of the mediation conference, OKS Libby Claimants and the State entered into a tentative settlement agreement. Following execution of the agreement, the parties, through their counsel, prepared and executed the requisite releases, negotiated Medicaid and Medicare issues, and presented the motion to approve the settlement to this Court.

4. Under the approved joint motion for approval of settlement, the OKS Libby Mine Claimants' cases and claims against the State of Montana are settled by

payment of $754,000, with a contingent $263,900 dependent on the result of pending litigation between the State and its insurance company.

5. The Court's Order Approving Settlement and Dismissal with Prejudice approved the settlement resolves and dismisses the OKS Libby Mine Claimants' cases and claims against the State of Montana but expressly reserves their claims against all other responsible parties. Copies of the releases from Plaintiffs for claims against the State of Montana have been provided to the Court.

6. Counsels' representation of the OKS Libby Mine Claimants is subject to a standard $33^1/_3\%$ contingent fee contract. Representation of the Libby asbestos cases, including the claims of the OKS Libby Mine Claimants, has involved more than a decade of litigation on multiple fronts, before various state, federal, and administrative tribunals, and appeals perfected in both state and federal courts of appeal. As recognized by the parties, the cases and claims against the State of Montana involve numerous disputed factual questions and unresolved legal issues of extreme complexity.

7. The settlement reached with the State of Montana has been fully approved by each OKS Libby Mine Claimant, inclusive of the contingent attorney fee that results by operation of the settlement.

8. There has been no objection to the entry of an order approving OKS Plaintiffs' Motion for Court Approval of Attorney Fees.

## CONCLUSIONS OF LAW

1.     Where the subject of a contingent attorney fee contract does not offend public policy, it will be enforced according to its terms. *Frank L. Pirtz Const. v. Hardin Town Pump, Inc.*, 214 Mont. 131, 139, 692 P.2d 460, 464-65 (1984), citing *Gross v. Holzworth*, 151 Mont. 179, 440 P.2d 765 (1968); *Wight v. Hughes Livestock Co.*, (Mont. 1983), 664 P.2d 303, 40 St.Rep. 696.

2.     Section 2-9-314(2), MCA,   provides in relevant part that when reviewing attorney fees, the Court should consider the time the attorney was required to spend on the case, the complexity of the case, and any other relevant matter the Court may consider appropriate. In *Stimac v. State*, 248 Mont. 412, 417, 812 P.2d 1246, 1249 (1991), the Montana Supreme Court held that the following factors should be considered by a District Court when assessing the reasonableness of an attorney fee: (1) the novelty and difficulty of the legal and factual issues involved; (2) the time and labor required to perform the legal service properly; (3) the character and importance of the litigation; (4) the result secured by the attorney; (5) the experience, skill, and reputation of the attorney; (6) the fees customarily charged for similar legal services at the time and place where the services were rendered; (7) the ability of the client to pay for the legal services rendered; and (8) the risk of no recovery.   Given the complexity of the case, the

duration of this litigation, the numerous disputed factual questions and unresolved legal issues, the contracts of employment between the OKS Libby Mine Claimants and their counsel are fair and reasonable.

## **ORDER**

IT IS HEREBY ORDERED that OKS Plaintiffs' Motion for Court Approval of Attorney Fees is GRANTED.

DATED this _8th_ day of _April_____, 2021.

_____

Amy Eddy
Asbestos Claims Court Judge