TEAGARDEN, APPELLANT, v. CALKINS ET AL., RESPONDENTS.

(No. 3,904.)

(Submitted May 1, 1918. Decided May 25, 1918.)

[173 Pac. 549.]

*Real Property — Option Contracts—Value of Option—Measure of Damages—Appeal—Findings—Conflicting Evidence.*

Appeal and Error—Findings—Conflicting Evidence.
　　1.　The findings of the district court made in a law action tried without a jury will be accepted as final on appeal if there is any substantial evidence to support them.

Real Property—Option Contracts—Value.
　　2.　The value of an option on land is not in all cases the difference between the value of the land and the face of the option.
　　[As to the principle that the power to option is not included in the power to sell, see note in Ann. Cas. 1914C, 366.]

Same—Value of Option—How Measured.
　　3.　An option is a mere right to purchase upon certain terms, its value depending upon its desirability, as measured by the time it has to run, the terms of payment, the existence of a market for the property, *etc.*

Same—Option—Rights of Joint Holders.
　　4.　In the absence of fraud, the measure of damages in an action by one of two joint holders of an option on land (about to expire) to recover his share of the value of the option upon sale thereof by the other, *held* under the circumstances to have been one-half the amount the seller actually received and not the difference between the value of the land at the time and the face of the option.

*Appeal from District Court, Meagher County; John A.*
*Matthews, Judge.*

ACTION by Sam W. Teagarden against R. M. Calkins, Jr.,
and F. P. Marrs, as administrator of the estate of A. C. Graves,
deceased. From judgment for plaintiff and an order denying
him new trial, plaintiff appeals. Affirmed.

*Mr. Wellington D. Rankin,* for Appellant, submitted a brief
and argued the cause orally.

*Messrs. Jones & Jones* and *Messrs. Purcell & Horsky,* for
Respondents, submitted a brief; *Mr. Antone J. Horsky* argued
the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

Upon appropriate pleadings and after trial upon the evi-
dence the lower court found in substance these facts: That on
or about May 10, 1908, George W. Moore granted an option
to purchase certain real estate owned by him amounting to
8,820 acres, situate in Meagher and Sweetgrass counties in this
state. By its terms the option expired July 1, 1908, and it
ran to A. C. Graves, but Graves and the plaintiff Teagarden
were joint and equal owners of it. Later, and within ten days
of its expiration Graves, without consulting Teagarden, sold the
option to R. M. Calkins, Jr. The price paid was $50, but
Calkins agreed that if he should make anything out of the deal
he would "remember" Graves. The value of the option was
"problematical," and Calkins procured another and more lib-
eral one from Moore under which he sold the property at a
substantial profit long after the expiration of the Graves-Tea-
garden option; but Calkins "remembered" Graves to the ex-
tent of $500. Before this action was brought, Graves died and
the defendant Marrs was duly appointed administrator of his
estate.

As conclusions of law it was declared that "in the absence of
actual proof of fraud, Graves will be deemed to have done the

best he could with an option about to expire," and that "the plaintiff Teagarden is entitled to a judgment against the estate of A. C. Graves, for one-half the sum of $550, with interest from June 10, 1908," and costs. Judgment was entered accordingly, and from it, as well as from an order denying him a new trial, Teagarden appeals.

In his brief, the appellant makes four contentions, but upon the argument all of these save the last were waived. The contention relied on as ground for reversal is "that the value of the option was not problematical, but, on the contrary, was shown by the evidence to be at least $8,820." In other words, [1] the question is one of fact, and as this was a law action tried by the court sitting without a jury, we will not determine where the apparent weight of the evidence may be, but are obliged, upon principles too well settled for discussion, to accept the findings respecting value if there is any substantial evidence to support them. That there is such evidence cannot for a moment be doubted. Calkins and Glenn both testified categorically that the option was practically worthless, Calkins explaining that the chief reason for paying the $50 was to get it out of the way for the new option he had arranged to secure, and that the $500 subsequently paid was in recognition of general services, including the Moore transaction, which had been rendered by Graves to the company with which Calkins was connected. Counsel says: "The plaintiff testified that the land was worth $7.50 per acre. This testimony was not contradicted by the defendant. It needs no argument to convince one that, when land has a value of $7.50 per acre, and a person holds an option on the same land for $5.50 per acre, the option is worth $2 per acre." We cannot agree that there is no dispute as to the value of the land when the option was sold; but, assuming the premise stated, we think that both as a matter of law and of common experience a great deal of argument would be [2, 3] necessary to establish that the value of an option is in all cases the difference between the value of the land and the face of the option. An option is a mere right to purchase

upon certain terms; its value depends upon its desirability, and this in turn upon many things such as the time it has to run, the terms of payment, the existence of a market for the property, *etc.*

Counsel argues that loss of profits may be recovered in a suit by the option grantee against the option grantor for refusal to convey according to the terms of the option. Grant this to be true, it has no relevancy here, because it depends upon conditions not pertinent to nor present in this case. Here either owner could sell, and each was at the mercy of the other's honest judgment and discretion. Hence, in the absence of fraud, the [4] measure of plaintiff's recovery was limited by what Graves actually got for the option; and the only suggestion in the record that Graves got anything more than the court found is disclosed in a deposition so properly rejected by the court that no complaint is made of such rejection at this time. Aside from this, the value of the option is a matter of substantial conflict, and the trial judge cannot be put in error for resolving it against the plaintiff, even though a different conclusion from that adopted was possible.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.