JOHN H. CALEY, Liquidating Trustee of Time Construction Company, Inc., a Washington Copporation, Plaintiff and Appellant, v. HENRY KOHLSTAD, also known as HENRY KOLSTAD and MABEL KOHLSTAD, his wife, Defendants and Respondents.

No. 9258.

Submitted May 5, 1955. Decided February 3, 1956.

292 Pac. (2d) 995.

8

John H. Caley, Seattle, Wash., Aronow and Hoyt, Shelby, for appellant.

Church, Harris, Johnson and Williams, Great Falls, for respondent.

Mr. John C. Hoyt and Mr. Carter Williams argued orally.

MR. JUSTICE ANDERSON:

This is an appeal by John H. Caley as liquidating trustee of Time Construction Company, Inc., plaintiff below, from a judgment in favor of Henry Kohlstad and Mabel Kohlstad, defendants below.

The pleadings are, of themselves, difficult to understand, but ▇ were not challenged below. Under State ex rel. Olsen v. Sundling, 128 Mont. 596, 281 Pac. (2d) 499, and other cases, the pleadings are therefore deemed amended to conform with the proof where, as here, the evidence went in without objection. Therefore it is the evidence in the record before us which determines on this appeal what the case is and what our judgment on that case should be. Bennett v. Dodgson, 129 Mont. 228, 284 Pac. (2d) 990.

The plaintiff here sued to recover the balance alleged due him upon a cost-plus contract covering the construction of a house according to certain plans and specifications which were admittedly altered during the course of construction. There was work done on the house in addition to the plans etc., for which plaintiff seeks to recover.

Defendants denied the contract upon which plaintiff stood and claimed that the house was built under a wholly different contract which was for a fixed price. Defendants claimed to have paid the price in full as well as for all additional work done.

There is a suggestion that the original complaint made out a cause of foreclosure of the lien, which under the allegations of defendants' cross complaint the trial court apparently cancelled as a cloud on defendants' title. Further, we gather from what we have before us, all references to the lien were struck by the trial judge because notice of the lien, which was recorded, was not verified as the statute requires.

However, neither the original complaint nor the motion to strike, upon which error is predicated for this court's review, have been preserved by a bill of exceptions nor do they appear at all in the record and we thus have no right to review same. Bordeaux v. Bordeaux, 43 Mont. 102, 115 Pac. 25.

We need not inquire into the reasons why the lower court struck the lien from the first complaint. Suffice to say that in any view of the case consistent with the lower court's finding that payment was made to the plaintiff of all sums due him, the lien, whether valid or void, has served its purpose for the reason that there was nothing due on the debt for which it presumptively stood. It needs no citation of authority to sustain the theory that when a debt secured by a lien is paid the lien expires. The court below was right in decreeing that it be cancelled in light of its other finding which we will hereafter affirm. The reasons which prompted the court to decree as it did regarding the lien are immaterial if the cancellation was rightly decreed upon any ground. 5 C.J.S., Appeal and Error, section 1849, pages 1334, 1335.

Therefore the case upon which issue was joined was not in equity for the foreclosure of a lien, but at law heard by the court, sitting without a jury, for breach of contract.

The plaintiff argues that there is uncontradicted evidence in ██ ██ the record which sustains his version of the contract

10

and thus we should reverse the court below and direct judgment for him upon his theory of the case. The difficulty with this position is that plaintiff's theory of the contract is directly contradicted by the defendants' theory of the contract and there is substantial and credible evidence supporting defendants' theory and which obviously the trial judge accepted in his findings.

We may not, by our view of the evidence, in these circumstances, substitute our findings for those of the court below. State ex rel. Olsen v. Sundling, supra; Teagarden v. Calkins, 55 Mont. 35, 173 Pac. 549.

The argument which counsel for plaintiff makes here, that defendants' house was built on a cost-plus contract, is predicated upon his construction of the evidence. No doubt counsel pressed in the court below their view of the facts as they do now in this court. However it is evident that counsel for the defendants pressed their view of the contract with equal vehemence and it was the trial judge and not this court who concludes the truth of the matter. The court below adopted defendants' version of the contract and with the evidence in this record we will not overturn the lower court's findings.

The plaintiff's specifications of error directed at the findings of fact and conclusions of law upon which judgment was made are without merit.

Plaintiff complains of error in the allowance by the court below of attorneys fees. This complaint is well taken. The only authority for awarding attorneys' fees is found in actions to foreclose a lien. In this opinion we have already noted that this action here under review is one to recover the price of a house under contract with defendants for its construction. It is against this action that defendants have defended and not against an action to foreclose a lien. The award of attorneys' fees to the defendants was therefore unauthorized and the judgment is, to this extent, modified.

As modified the judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES ANGSTMAN, DAVIS and BOTTOMLY, concur.