No. 13227

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

JACK KIRBY,

Plaintiff and Appellant,

-vs-

KENYON-NOBLE LUMBER CO., WILLIAM V. OGLE,
FRED HOFFMAN, HERBERT C. TOPER and DICK TEPEL,

Defendants and Respondent,

and

HERBERT C. TOPEL,

Plaintiff and Respondent,

-vs-

JACK A. KIRBY and BARBARA A. KIRBY,

Defendants and Appellants.

Appeal from:   District Court of the Fifth Judicial District,
               Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellants:

        Drysdale, McLean and Screnar, Bozeman, Montana
        Douglas Drysdale argued, Bozeman, Montana

    For Respondents:

        Berg, Angel, Andriolo and Morgan, Bozeman, Montana
        Ben E. Berg argued, Bozeman, Montana

Submitted:  October 14, 1976

Decided: DEC 27 1976

Filed: DEC 27 1976

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiff Jack Kirby appeals from a judgment of the district court, Gallatin County, awarding damages for breach of contract. Kirby asserts the judgment awarded is inadequate and conflicts with the court's own findings and conclusions.

Jack and Barbara Kirby (Kirby), entered into a contract with Kenyon-Noble Lumber Co., Bozeman, Montana (contractor), on October 20, 1969 to build a home on their property near Ennis, Montana. The contractor's work was to be completed on or about December 1, 1969. The contract provided for Kirby to pay $18,883.45 and to furnish the excavation for the foundation and to do the wiring, plumbing, floorcovering, and painting. The contractor was required to provide all materials including wiring material and all labor required in construction of the home.

An employee of the contractor, Fred Hoffman, began work on the home. From the start, Kirby complained about the quality of Hoffman's work. The home was not finished by the December 1 deadline, and in January 1970, the contractor removed Hoffman from the project and hired Herbert and Dick Topel to correct defects and complete the home and bring it within minimum requirements of the FHA for the sum of $2,000. After Topels had worked on the house Kirby advised the contractor that Topels' work was not satisfactory. In March 1970, Kirby through counsel, informed the contractor and Topels they were through, terminated the contract and hired a local carpenter to correct some of the minor defects in the home. In May 1970, Kirby moved into the home.

- 2 -

Pursuant to the contract, Kirby paid the contractor $17,298 but did not make the final payment of $1,585.45. This action was brought in district court to recover damages for breach of the building contract against the contractor. In a separate action, Topels sought to foreclose a mechanic's lien for payment for labor and material used during their work on the Kirby home. The two actions were consolidated for trial and this appeal is only from the amount of the award given Kirby against the contractor, Kenyon-Noble Lumber Co.

The trial court found the contractor breached his contract and that the work done on the Kirby home was defective. Numerous defects in the building were listed in the court's findings including: a roof which must be removed and replaced to be proper; interior partitions and exterior walls out of plumb; windows and doors improperly installed and out of plumb; defective foundation and improperly poured basement floor with drain in highest point; unlevel ceilings and floors; and crooked siding. The trial court further found:

> "That by reason of the deficiencies in the construction and by the breach of contract on behalf of Corporation and Ogle, and their negligent acts and omissions, the fair market value of the completed house was reduced to the amount of TWO THOUSAND EIGHTY-FIVE DOLLARS AND EIGHTY-FIVE CENTS ($2,085.85).

Based on these findings, the court concluded:

> "Plaintiff Kirby is entitled to a Judgment against the Defendants Kenyon-Noble Lumber Company, William V. Ogle in the sum of TWO THOUSAND EIGHTY-FIVE DOLLARS AND EIGHTY-FIVE CENTS ($2,085.85) together with interest thereon from and after May 1, 1970."

Kirby filed exceptions to the court's findings of fact and conclusions of law and a motion to amend, which was denied by the trial court.

The findings of fact and conclusions of law of the district court leave no doubt the Kirby home was defective. The court's determination of the value of the completed structure is fully supported by evidence presented at trial. Kirby asserts the award of damages is grossly inadequate and has no basis in law or fact.

Section 17-301, R.C.M. 1947, provides the measure of damages for breach of contract:

> "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom."

Although Montana codes specify damages for breaches of other types of contract, there is no express provision for damages in breach of construction contracts.

In Mitchell v. Carlson, 132 Mont. 1, 7, 313 P.2d 717, the Court applied section 17-301 where a homeowner sued for damages as a result of a poorly built home to establish the rule for damages to be awarded:

> "Applying the statutory rule of damages to this case it is apparent that plaintiffs will be compensated only for the 'detriment proximately caused' by the breach, viz., the cost of making the repairs necessary to complete the house in accordance with the parties' agreement." (Emphasis added.)

The Mitchell rule was reaffirmed by this Court in Haggerty v. Selsco, 166 Mont. 492, 499, 534 P.2d 874.

11 Williston on Contracts, Third Edition, Section 1363, p.344, states the rule as:

> "Where the contractor fails to keep his agreement, the measure of the employer's damages, whether sought in an independent action or by recoupment or counterclaim, is always the sum which will put him in as good a position as if the contract had been performed. If the defect is remediable from a practical standpoint, recovery generally will be based on the market price of

completing or correcting the performance, and this will generally be shown by the cost of getting work done or completed by another person." (Emphasis added.)

See: 5 Corbin on Contracts, §1089; Restatement, Contracts, §346; Anno. 76 ALR2d 805; Schmauch v. Johnston, 274 Or. 441, 547 P.2d 119.

The district court upon consideration of all the evidence presented determined the completed house to be worth only $2,085.85. The court's award of that amount as damages is neither logical nor does it meet the requirements set forth for an award in a case involving a breach of a building contract.

This matter is remanded to the district court for a new trial on the issue of damages.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

_____
Hon. Robert C. Sykes, District
Judge, sitting for Justice
Wesley Castles.

- 5 -