No. 81-97

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

LEN ANDERSON, d/b/a LEN ANDERSON
CONSTRUCTION COMPANY,

                Plaintiff and Respondent,

    vs.

NORMAN D. HOBBS, individually and NORMAN
D. HOBBS, d/b/a C. D. VENTURES,

                Defendant and Appellant.

---

Appeal from:   District Court of the Fifth Judicial District,
              In and for the County of Beaverhead.
              Honorable Frank Blair, Judge presiding.

Counsel of Record:

    For Appellant:

        Harrison, Loendorf and Poston, Helena, Montana

    For Respondent:

        Drysdale, McLean, Screnar & Cok, Bozeman, Montana

---

                Submitted on briefs: August 27, 1981

                      Decided: DEC - 7 1981

Filed: DEC - 7 1981

*Thomas J. Kearney*
_____
                   Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This appeal arises from a contract for construction on appellant's nursing home in Dillon, Montana. The parties entered into the written agreement in January 1977, and the work was completed sometime in the late summer of 1977. Respondent filed a mechanics' lien against appellant's property on October 19, 1977. After trial without a jury, the District Court of the Fifth Judicial District upheld the lien and issued a judgment for $15,687.92 plus interest and attorney fees. This appeal followed.

In December 1976, at the request of appellant, respondent, a general contractor doing business as Len Anderson Construction Co., a sole proprietorship, began work on Park View Acres in Dillon, Montana, a nursing home owned by appellant, Norman D. Hobbs, doing business as C. D. Ventures.

In January 1977 the parties entered into a written contract whereby respondent would renovate the existing fifty-four-bed facility of Park View Acres and add a fifty-four-bed wing to the building. The contract provided appellant would pay respondent all costs plus an eight percent contractor's fee. Costs included all costs necessarily incurred in the proper performance of work paid by the contractor; all wages paid for labor in the direct employ of the contractor; all salaries of contractor's employees; a portion of reasonable transportation, traveling and hotel expenses of the contractor, its officers and employees incurred in the discharge of their duties; the cost of all materials, supplies and equipment incorporated into the work; all payments made by the contractor to subcontractors

for work performed according to subcontracts under this agreement; and costs, including transportation and maintenance, of all materials, supplies, equipment, temporary facilities and hand tools not owned by the workmen, which are consumed in the performance of the work, and the costs less salvage value on such items used but not consumed which remained property of the contractor.

Respondent concluded construction on the project in the summer of 1977. On October 19, 1977, respondent filed a lien in the amount of $31,218.27. On the lien application respondent stated his final day of performance on the project was July 21, 1977. At trial respondent testified his last full-time work on the project was in the middle of August 1977. Respondent also introduced a "punch list" prepared by appellant's employees and dated September 23, 1977. Respondent argued the "punch list" established the last day respondent spent any time on the job was in September. The costs claimed by respondent were supported almost exclusively at trial by cancelled checks.

The District Court found the lien was filed within the ninety-day period required by Montana statute. The court also found respondent's lien valid and enforceable and made the following determination of the amount owing:

```
Costs for Anderson's
     out-of-pocket expenses. . . . . . . .$150,362.72
Defendant's payments
     to date for expenses. . . . . . . . . 139,633.00
                                           $ 10,729.72

Due Plaintiff for costs. . . . . . . . . .$ 10,729.72

Contractor's fee as a portion
     of 8% of contract and
     total costs on contract . . . . . . .$366,977.56
Contractor's fee equals 8%
     of $366,977.56, for a
     total of. . . . . . . . . . . . . . . 29,358.28
```

```
Defendant's payment to date
     for contractor's fee. . . . . . . . .  12,600.00
Due Plaintiff for contractor's
     fee . . . . . . . . . . . . . . . . .$ 16,758.28

Total due to Plaintiff by
     Defendant for costs . . . . . . . . . 10,729.72
Total due to Plaintiff by
     Defendant for fees. . . . . . . . . . 16,758.20
TOTAL. . . . . . . . . . . . . . . . . . .$ 27,487.92

LESS THE FOLLOWING OFFSETS:
     Liquidated damages. . . . . . . . . .  8,000.00
     Lumber from personal stock. . . . .    3,800.00
TOTAL OFFSETS. . . . . . . . . . . . . . .$ 11,800.00

TOTAL DUE TO PLAINTIFF . . . . . . . . . .$ 15,687.92
```

Four issues are before this Court:

1. Was the lien filed by respondent within the statutory ninety-day period?

2. Are there gross and substantial exaggerations in claims made which constitute fraud and void the filed lien?

3. Did the District Court err in failing to make certain deductions to the amount of the lien?

4. Did the District Court err in determining in the memorandum supporting its findings of fact and conclusions of law that Exhibit K was inadmissible as hearsay?

To perfect a mechanics' lien it must be filed within ninety days after material or machinery is furnished or work or labor performed. Section 71-3-511(1), MCA. Appellant argues there is no credible evidence on the record to support the District Court's finding that the lien was filed within the statutory period. Respondent filed the lien on October 19, 1977, and on the lien stated the last work had been done on July 21, 1977. Appellant claims that the last work was performed by respondent on July 15, 1977, which was when the nursing home opened. At trial, respondent testified the date listed on the lien was incorrect and that, in fact,

-4-

his last full time on the job was in the middle of August and that he returned in September to complete the project. Respondent also submitted into evidence a "punch list" prepared by appellant's employee containing the date September 23.

The District Court found the lien had been filed within the ninety-day period and specified respondent's work was completed on August 19, 1977.

The standard of this Court on review is whether the District Court's findings and conclusions are supported by substantial credible evidence. Toeckes v. Baker (1980), ____ Mont. ____, 611 P.2d 609, 37 St.Rep. 948. If substantial evidence exists, this Court will not overturn the District Court. Schuman v. Study Comm'n of Yellowstone County (1978), 176 Mont. 313, 578 P.2d 291.

It is apparent from the record and the District Court's findings that the court gave considerable weight to respondent's testimony at trial that his last full-time work on the project was in mid-August 1977. In its supporting memorandum, the District Court chose August 19, 1977, as the final date. The record makes no mention of that specific date in August. Therefore, the finding of August 19 cannot be affirmed. This Court will, however, give credence to the weight the District Court obviously gave respondent's testimony.

"The credibility and weight given the witnesses . . . is not for this Court to determine. This is a primary function of a trial judge sitting without a jury; it is of special consequence where the evidence is conflicting." Hellickson v. Barrett Mobile Home Transport, Inc. (1973),

161 Mont. 455, 459, 507 P.2d 523, 525. Where the evidence indicates reasonable grounds for different conclusions, the findings of the District Court will not be disturbed. Morgen & Oswood Const. Co. v. Big Sky of Mont. (1976), 171 Mont. 268, 274, 557 P.2d 1017, 1021; Morrison v. City of Butte (1967), 150 Mont. 106, 112, 431 P.2d 79, 83.

If respondent's last work on the project occurred any time in August or September, the filing of the lien was within the statutory ninety-day period. An exact date in August or September, however, is necessary for an accurate accounting of the $100-a-day offset allowed for late completion of the job. We therefore remand this matter for a hearing to establish the exact date in August or September on which respondent completed his full-time work on the job.

The next issue before us is appellant's contention that respondent's claim contained such gross and substantial exaggerations as to constitute fraud and invalidate the lien.

Fraud must be plead affirmatively to be relied on as a defense. Rule 8(c), M.R.Civ.P.; Ekestrand v. Wunder (1933), 94 Mont. 57, 20 P.2d 622. In the case before us fraud was not plead in either the original or the amended answer. Therefore, it cannot now be argued as a defense to the lien.

Appellant also claims the District Court erred in failing to make reductions in the lien amount for three items.

The first item appellant claims was erroneously allowed by the District Court is $2,558.60 of the $7,000 claimed paid to Simkins-Hallin. Respondent submitted a

cancelled check for $7,000 in support of the Simkins-Hallin claim. However, the statement on Simkins-Hallin Invoice No. 6988 indicates that of the $7,000, $4,441.40 was appropriated to respondent's job in Dillon. We therefore find there is not substantial evidence to support the entire $7,000 claim and that the lien amount should be reduced by $2,558.60.

To evaluate the second item appellant claims was erroneously included by the District Court, we must first consider the evidentiary issue before us. Appellant argues there is a discrepancy between the amount respondent claimed was paid to M & M Concrete and the amount actually paid.

In support of that argument at trial, appellant presented for admission into evidence a total account and a copy of invoices of the Dillon job with Anderson Construction from M & M Concrete. The document was prepared by the bookkeeper of M & M Concrete at the direction of the general manager and at the request of appellant's counsel. The account indicated a discrepancy between the amount received by M & M Concrete on the job and the amount respondent claimed had been paid.

Respondent objected on the basis the offered evidence was hearsay and lacking proper foundation. The District Court overruled the objection and admitted the evidence as defendant's Exhibit K.

At the conclusion of the trial, the District Court issued findings of fact and conclusions of law with a supporting memorandum. The memorandum stated Exhibit K had been admitted subject to ruling as to its admissibility on the final submission of the case and that on further review,

the court found it inadmissible as hearsay.

Appellant argues the District Court's after-the-fact ruling on the admissibility of Exhibit K was prejudicial because it precluded him from calling other witnesses or otherwise presenting proof.

The transcript shows the court did not specifically reserve judgment regarding Exhibit K. The court's statement was: "Well, the objection is overruled and it will be admitted."

The court's later determination of Exhibit K as inadmissible was, however, correct. The document was a statement other than one made by the declarant while testifying at trial and was offered to prove the truth of the matter asserted. As such, it was hearsay. Rule 801(c), Mont.R.Evid. Since the account statement was made, not in the ordinary course of business of M & M Concrete but at the request of appellant's counsel, it was not excepted from the hearsay rule and was inadmissible. Rule 803(6), Mont.R.Evid.

While the District Court's final ruling on Exhibit K was correct, the manner in which it was reached was procedurally irregular and resulted in substantial prejudice to appellant. Had he been aware of the court's determination or its reservation of judgment during the trial, appellant could have presented and made available for cross-examination the witnesses who prepared the M & M Concrete account. To allow the District Court's exclusion of Exhibit K to stand in the face of such prejudice would be inherently unjust. We therefore remand this matter for reconsideration.

The final item appellant claims was erroneously included in the lien is that amount claimed for respondent's

personal wages as a carpenter. Appellant first argues that because there was no mention of the possibility of a personal claim in this agreement between the parties and respondent made no submission of such a charge to appellant prior to this suit, that respondent is not entitled to the claim.

In support of this argument, appellant cites Article 10, Paragraph 10.1.6, of the parties' contract which states as costs not to be reimbursed: "The cost of any item not specifically and expressly included in the items described in Article 9."

Article 9, Paragraph 9.1.1, however, specifies that costs include "[w]ages paid for labor in the direct employ of the contractor. . ." Since wages for labor are expressly included in the contract and there is no specific limitation on who performs the labor, the contract did not preclude Anderson from working on the project.

Appellant also argues the hourly compensation the District Court allowed for Anderson's work was excessive and unsupported by credible evidence.

The parties' contract in Article 9, Paragraph 9.1, allows for reimbursement of costs necessarily incurred in the proper performance of the work. It further provides that "[s]uch costs shall be at rates not higher than the standard paid in the locality of the work except with prior consent . . ."

At trial Anderson, a carpenter with twenty years' exerience, testified he charged $18 an hour for his labor. Of that amount, $14 was for his work as a skilled carpenter and $4 for use of his tools. He testified the $14 amount

-9-

was based on costs in the area for his work. No other testimony was offered by either party regarding the value of the work of a carpenter of Anderson's skill.

Based on Anderson's unrebutted testimony, the District Court found that the $14-an-hour wage portion of the charge was reasonable. We agree.

The $4-an-hour charge for the use of Anderson's tools is another matter, however. While Anderson testified as to what the $4 was for, he did not testify or provide evidence of any kind indicating what the figure was based on or whether it was reasonable. Without any supporting evidence we are unable to uphold the District Court's judgment allowing $4 an hour for the use of tools.

We remand this matter for a reaccounting of the costs. At the same time, we suggest a review of the calculations in the original findings of fact and conclusions of law, since there appears to be an arithmetic error in the computation of Anderson's out-of-pocket expenses.

John Conway Harrison
_____
Justice

We concur:

Gene B Daly
_____

Daniel J Shea
_____

Frank B Morrison
_____

_____
Justices

Mr. Justice John C. Sheehy concurring:

I concur in the foregoing, but I also think the lien filed in this case was timely under the facts.

John C. Sheehy
                              Justice