No. 84-198

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

FRANK L. PIRTZ CONSTRUCTION, INC.,

        Plaintiff, Respondent &
        Cross-Appellant.

  -vs-

HARDIN TOWN PUMP, INC.,

        Defendant, Appellant &
        Cross-Respondent.

_____

APPEAL FROM: District Court of the Sixteenth Judicial District,
             In and for the County of Rosebud,
             The Honorable Alfred B. Coate, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Davidson, Veeder, Baugh, Broeder, Poppler & Michelotti,
        Billings, Montana
        Richard Slivka, co-counsel, Denver, Colorado

    For Respondent:

        Berger Law Firm; Chris J. Nelson, Billings, Montana

_____

           Submitted on Briefs: Aug. 2, 1984

               Decided:  December 13, 1984

Filed: DEC 13 1984

*Ethel M. Harrison*
_____
             Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by Hardin Town Pump from a judgment and award of the Sixteenth Judicial District, Rosebud County. The judgment resulted from an action by Pirtz Construction, Inc., to recover the reasonable value of labor, materials and supplies furnished for a construction project. Pirtz cross-appeals its interest award. The judgment and award of the District Court are affirmed in all respects.

This case involves an oral contract. On July 9, 1981, Pirtz Construction, Inc. filed a mechanic's lien on a residence in Colstrip, Montana owned by Hardin Town Pump. On October 8, 1981, Pirtz filed an action to recover $62,539 from Hardin Town Pump for work done on the residence and $5,991 for remodeling a gas station. Pirtz also sought 10% per annum interest and attorney's fees. The District Court awarded Pirtz Construction, Inc. $63,310 under the construction contract, $11,111 interest computed at 6% from April 20, 1981, and $21,103 attorney's fees. The court also granted Pirtz Construction, Inc. a lien for the total of $95,524.

Hardin Town Pump raises the following issues:

1. Are the findings supported by substantial evidence?

2. Is the award of damages reasonable?

3. Is the award of attorney's fees correct?

4. Is a contingency fee agreement an appropriate measure of reasonable attorney's fees?

5. Should Hardin Town Pump recover the costs of correcting construction defects?

6. Should the case be remanded based on errors in the transcript?

Pirtz's cross-appeal raises one issue--should interest be calculated on the amount it paid on its operating loans rather than 6% from the date work was last performed?

The parties stipulated the following facts:

1. Pirtz and Hardin Town Pump are both lawfully incorporated under Montana law.

2. Pirtz provided labor, material and supplies to relocate a pre-fab home for Hardin Town Pump from one location in Colstrip to a new location three to four blocks away.

3. The total amount for the project was $79,384 of which Hardin Town Pump paid $16,074.

4. In November 1980, Hardin Town Pump took possession of the pre-fab.

5. On July 9, 1981, Pirtz filed a lien on the pre-fab. Hardin Town Pump never filed a notice of completion.

At issue here are the terms of an oral contract. The District Court in a non-jury trial adopted Pirtz's version of the terms and, with the evidence in the record, we will not overturn the lower court's findings. In reviewing the record to resolve the issues raised on appeal, we are governed by well established principles. In a nonjury trial, the credibility of witnesses and the weight of their testimony are matters for the District Court to determine. The sufficiency of the evidence must be reviewed from the perspective most favorable to the prevailing party. The District Court's findings and judgment are presumed correct and will not be overturned unless the appellant meets the burden of proving with a preponderance of evidence that they

are wrong. Merely showing the evidence establishes reasonable grounds for reaching a different conclusion is insufficient to reverse the District Court findings. Lumby v. Doetch (1979), 183 Mont. 427, 431, 600 P.2d 200, 202.

The parties disagree about the terms of the oral contract to move and remodel the pre-fab home. The parties previously had made a written contract to remodel a store. That contract was on a cost plus basis with an "upset price," or cap, placing a maximum on what Pirtz could charge. The District Court did not determine the terms of that contract because the mechanic's lien filed did not cover that work. Both parties stated the agreed price for the pre-fab was cost plus 15% for in-house work or 10% of work subcontracted, but Hardin Town Pump claimed there was a ceiling of $25,000 to $30,000 with additional work to be performed only upon the general manager's approval. Pirtz claimed the agreement to move the pre-fab was on a cost plus basis with no ceiling.

Hardin Town Pump contended that in June 1980, their general manager contacted Pirtz's agent about moving a pre-fab home. The general manager testified that Hardin Town Pump believed the pre-fab home could be moved, a foundation built, a bedroom added, a deck built and a double garage built for $25,000 to $30,000. Hardin Town Pump's agent testified that an employee of Pirtz quoted that price. Pirtz denied that the price was quoted for all the work.

Pirtz contended, and the lower court agreed, that when the work for the written contract concerning the store was nearly completed Hardin Town Pump's general manager asked Pirtz how much it would cost to move a pre-fab house and make it liveable; the answer was it would have to be done on a cost plus basis at around $25,000 to $30,000. Hardin Town

- 4 -

Pump told Pirtz to begin and later ordered additional work--a deck, finished basement and attached garage.

Pirtz completed the basement and billed Hardin Town Pump $16,074 prior to moving the house. Hardin Town Pump paid the bill. Hardin Town Pump's general manager, Ron Roos, testified that before paying the bill he inspected the worksite and saw the house on the foundation, a bedroom built and a deck started. Roos testified he paid the bill believing $16,074 represented 80% of the work.

On cross-examination and rebuttal counsel for Pirtz effectively challenged Roos' credibility. Roos testified he considered the work 80% complete when he viewed the worksite on August 10th or 11th but Pirtz introduced evidence establishing this was impossible because the house was not moved until September 4th (dated invoices establish the date). Evidence was also introduced establishing that the price for work in Colstrip is relatively high. An expert witness testified that the price Pirtz charged for its work was reasonable.

ISSUE NO. 1. Is the judgment supported by substantial evidence?

> ". . . 'Substantial evidence' is evidence such 'as will convince reasonable men . . .' (Citing cases.) The evidence may be inherently weak and still be deemed 'substantial' and substantial evidence may conflict with other evidence presented. (Citing cases.)" Cameron v. Cameron (1978), 179 Mont. 219, 228, 587 P.2d 939, 944, 945.

There was testimony from the parties' agents that the agreement was for work on a cost plus basis. The $25,000 to $30,000 figure was an original estimate when Hardin Town Pump was only requesting that the house be moved and placed on a 24 by 48 foot foundation. There was testimony regarding

- 5 -

Pirtz's loss on the store contract and its reluctance thereafter to enter into a contract with an "upset price." There was testimony and exhibits showing that Hardin Town Pump requested additional work and knew it was being performed. There was testimony from a civil engineer that building costs in Colstrip were higher than average and $79,000 was a reasonable charge for the work done. As stated above, a District Court's findings are presumed correct and will not be overturned without a preponderance of evidence showing they are wrong. The record in this case supports the judgment of the District Court.

ISSUE NO. 2. Is the award of damages reasonable?

Hardin Town Pump's contention on this issue is difficult to discern as the District Court did not award consequential damages for breach of contract. The District Court found that Pirtz had established a valid lien for work performed on the prefab home. As discussed above in issue no. 1, the District Court determined the contract was for cost plus without a maximum and it required Hardin Town Pump to pay the balance due, not damages for breach. Section 27-1-311, provides:

> "For the breach of an obligation arising from contract, the measure of damages, except when otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment which was proximately caused thereby or in the ordinary course of things would be likely to result therefrom. Damages which are not clearly ascertainable in both their nature and origin cannot be recovered for a breach of contract."

The damages awarded merely compensate Pirtz for the detriment it suffered.

Hardin Town Pump argues that Pirtz's mechanic's lien is invalid because it was not timely filed. Section 71-3-511(1), MCA, states:

"Every person wishing to avail himself of the benefits of this part must file, with the county clerk of the county in which the property or premises mentioned in 71-3-501 is situated and within 90 days after the material or machinery aforesaid has been furnished or the work or labor performed, a just and true account of the amount due him, after allowing all credits . . ."

The District Court found that the evidence supported finding the lien valid. Although the last working day for Pirtz was in December 1980, a subcontractor of Pirtz relaid the carpet on April 20, 1981. This is within 90 days of July 9, 1981, when the lien was filed.

The lower court was satisfied that laying carpet constituted material or machinery furnished or work or labor performed. While it is true that performing additional, insubstantial work will not extend the 90 day time limit for filing a lien, this Court will give credence to the lower court's determination that the subcontractors work was substantial if the final work was done to enhance the value of the construction project, not to extend the time of the lien. The timeliness question is a gray area of mechanic's lien law and the facts and circumstances of each case are controlling. Walsh-Anderson Company v. Keller (1961), 139 Mont. 210, 217, 362 P.2d 533, 537. The final work done must be to enhance the value of the construction project, and not be done solely to extend the time of the lien.

In this case there was testimony that when Hardin Town Pump complained about the carpeting work Pirtz called a subcontractor back in to correct the poor workmanship. Although not billed, the rework was valued at approximately

- 7 -

$500. This is evidence that work performed on April 20, 1981 was to enhance the property's value and supports the District Court's finding that the lien was filed within the statutory period. The standard on review of this issue is whether the District Court's findings and conclusions are supported by substantial credible evidence. Anderson v. Hobbs (Mont. 1981), 637 P.2d 817, 819, 38 St.Rep. 2098, 2101.

ISSUE NO. 3. Is the award of attorney's fees correct?

In Wight v. Hughes Livestock Co., Inc. (Mont. 1983), 664 P.2d 303, 40 St.Rep. 696, this Court upheld an award of attorney's fees. The theory behind that case is that the statute providing for attorney's fees in a Workers' Compensation case provides for attorney's fees in addition to compensation. A reasonable reading of section 71-3-124, MCA, leads us to the same conclusion for mechanic's liens. In this case, Pirtz is merely being made whole with the payment of the amount due on the contract. To require Pirtz to pay attorney's fees out of the contract award in a mechanic's lien and would be advantageous to Hardin Town Pump because, it would be required merely to pay contract price plus interest after refusing to pay the contract price. Pirtz, which performed on the contract, would receive less than the contract price because it would be forced to absorb the cost of enforcing its mechanic's lien. In enacting a provision for attorney's fees in lien cases, the legislature has seen the wisdom of adding attorney's fees to a lien award in this type of case.

ISSUE NO. 4. Are attorney's fees, as measured by a contingency fee agreement, reasonable?

Where the subject of a contingent attorney's fees contract does not offend public policy, it will be enforced

- 8 -

according to its terms. Gross v. Holzworth (1968), 151 Mont. 179, 440 P.2d 765; Wight v. Hughes Livestock Co., Inc. (Mont. 1983), 664 P.2d 303, 40 St.Rep. 696. In Wight, this Court discussed the factors that a court should consider when the court is required to fix the amount of attorney's fees and a contingent fee contract exists between the successful party and its counsel. The court may adopt and award an attorney's fees which is based on the contingent fee contract, where the court exercises its discretion in the matter and does not unquestioningly endorse the contingent fees contract. McKittrick v. Gardner (4th cir. 1967), 378 F.2d 872, 875. In this case the court considered the inability of Pirtz because of financial limitations to hire counsel on any other basis than a contingent fee contract. The substantial legal questions in this case, which Hardin Town Pump believed in strongly enough to bring to contest before this Court, warrant the view that counsel for Pirtz undertook substantial risk that his work would be for nothing if those legal questions were resolved against Pirtz. Thus the market value of counsel's services in this situation, as we mentioned in Wight, was affected by the need for a contingent fee arrangement. In this case the District Court amply considered the factors which should be considered when a District Court is faced with a contingent attorney's fees contract, and decided on the basis of those factors that the contingent fee contract itself was reasonable in the circumstances. We hold the District Court properly exercised its discretion in this case in awarding the amount of attorney fees to be paid by Hardin Town Pump.

ISSUE NO. 5. Should Hardin Town Pump recover the costs of correcting construction defects?

- 9 -

The District Court found that there were defects in the house that would cost $4,200 to correct but if Pirtz had corrected the defects it would have been entitled to the charge for the additional work. The court concluded that Hardin Town Pump was "not billed for the work and need not pay for it." Hardin Town Pump contends that it is being denied reimbursement for the cost of repairing defective workmanship.

If the workmanship were defective Hardin Town Pump would be entitled to the repair costs as a matter of law. Kirby v. Kenyon-Noble Lumber Co. (1976), 171 Mont. 329, 558 P.2d 452. At issue here, however, is a question of fact not law. The District Court found there were defects in the house not in the workmanship. Pirtz did not construct the house. "We may not, by our view of the evidence, in these circumstances, substitute our findings for those of the court below." Caley v. Kohlstad (1956), 130 Mont. 7, 10, 292 P.2d 995, 996.

ISSUE NO. 6. Is error in the court reporter's transcript cause for remand?

The transcript of the trial as a whole was sufficient for review. The errors pointed out by Hardin Town Pump are insignificant. Even if the errors were significant, remand for a new trial is not the remedy for errors in a transcript. The party here seeking the remand for error in the record is also the party that transmitted the record on appeal. It is in the precarious position of asking this Court to review its record and then saying the record is inadequate to review.

Rule 9(e) of the Montana Rules of Civil Procedure governs the correction of errors in transcripts. Hardin Town Pump's position on this issue is of no effect since on July 6, 1984, Pirtz moved, pursuant to Rule 9(e), to correct

errors in the transcript. Pirtz's motion was granted, changes were stipulated, and the District Court ordered that the transcript be amended. This Court recognized those changes in the transcript. If Hardin Town Pump desired to correct the transcript, it could, and should have followed the same procedure.

The final issue is Pirtz's cross-appeal of the calculation of interest awarded by the District Court. It should be noted that this is an issue of interest as damages not interest on a judgment.

Pursuant to section 27-1-211, MCA, Pirtz was entitled to interest from the day it was entitled to payment. The District Court determined that day to be April 20, 1981. There is substantial evidence supporting that finding.

If the parties had agreed on a legal rate of interest in the event of nonpayment that rate would be controlling per section 27-1-213, MCA. As there was no agreement the District Court used the legal rate of interest stated in section 31-1-106, MCA. This was within the court's reasonable discretion and the District Court properly found the interest to which Pirtz is entitled.

The judgment and award of the District Court are affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 11 -

L. C. Gulbrandson

Daniel J. Shea

Justices