**AMERICAN SIMMENTAL ASSOCI- ATION, a Montana Non–Profit Association, Plaintiff,**

v.

**COREGIS INSURANCE COMPANY, an Indiana Corporation, Defendant/Third–Party Plaintiff,**

v.

**St. Paul Fire & Marine Insurance Company, a Minnesota Corporation, Defendant/Third–Party Defendant.**

No. 4:98CV3327.

United States District Court, D. Nebraska.

Nov. 22, 2002.

Krista L. Kester, Woods, Aitken Law Firm, Lincoln, NE, R. Murray Ogborn, V. Gene Summerlin, Jr., Ogborn, Summerlin Law Firm, Lincoln, NE, for Plaintiff's Counsel.

Matthew J. Fink, Jeffrey A. Goldwater, Robert S. Marshall, Bollinger, Rubbery Law Firm, Chicago, IL, William R. Johnson, Lamson, Dugan Law Firm, Omaha, NE, for Defendant/Third–Party Plaintiff's Counsel.

Bethany K. Culp, David M. Wilk, Oppenheimer, Wolff Law Firm, St. Paul, MN, Vineet Gosain, Rebecca R. Haller, Travel-

ers Insurance, Lisle, IL, P. Shawn McCann, Sodoro, Daly Law Firm, Omaha, NE, for Defendant/Third–Party Defendant's Counsel.

## MEMORANDUM AND ORDER

KOPF, District Judge.

Pursuant to the court's Findings of Fact and Conclusions of Law, I entered judgment in the above-captioned case on July 25, 2000, which provided, in part, that "judgment is entered against defendant St. Paul Fire & Marine Insurance Company and in favor of plaintiff American Simmental Association in the amount of $89,552.77" and that "[j]udgment is further entered against third-party defendant St. Paul Fire & Marine Insurance Company and in favor of third-party plaintiff Coregis Insurance Company in the amount of $450,077.33." (Filing 133.)[1] The judgment did not award prejudgment interest for the reasons stated in the court's Findings of Fact and Conclusions of Law. (Filing 132, at 36–39.)

On March 8, 2002, the Eighth Circuit Court of Appeals reversed the portion of my order denying prejudgment interest on the awards in favor of the American Simmental Association ("ASA") and Coregis Insurance Company ("Coregis"), and remanded the matter to this court "to calculate the appropriate amount of prejudgment interest." (Filing 167, at 12–15.)[2]

### I. Amounts Upon Which Prejudgment Interest Should Accrue

 As noted in my prior memorandum and order denying prejudgment inter-

est, and as confirmed by the Eighth Circuit Court of Appeals, Montana law applies to the prejudgment-interest issue. (Filing 132, at 36–39.) Mont.Code Ann. § 27–1–211 provides that "[e]very person who is entitled to recover damages certain or capable of being made certain by calculation and the right to recover which is vested in him upon a particular day is entitled also to recover interest thereon from that day . . . ." Mont.Code Ann. § 31–1–106 states that the rate of such interest shall be "10% a year after it becomes due." *Ehly v. Cady,* 212 Mont. 82, 687 P.2d 687, 695–96 (1984) (claim for prejudgment interest governed by Mont.Code Ann. § 27–1–211 and rate of interest dictated by Mont.Code Ann. § 31–1–106). In order to calculate the appropriate amount of prejudgment interest that must be awarded, it is necessary to determine (1) the amount upon which interest at the rate of 10 percent is to accrue and (2) the date upon which the accrual of such interest should begin.

Citing *Price Bldg. Serv. Inc. v. Holms,* 214 Mont. 456, 693 P.2d 553 (1985), the Eighth Circuit Court of Appeals in this case held that "[p]rejudgment interest runs on known defense costs regardless of whether the parties agree to the reasonableness of such costs," and "St. Paul's claim that some of ASA's defense costs were unreasonable serves only to reduce the principal amount on which the prejudgment interest accrues." (Filing 167, at 13 & 14.) "If the amount owed is reduced by a valid setoff or counterclaim"—St. Paul's reasonableness defense in this case—"interest is then normally

---

1. An amended judgment awarding attorney fees was issued on December 21, 2000. (Filing 162.)

2. Due to apparent clerical error, the mandate and judgment from the Eighth Circuit Court of Appeals were not docketed or placed in our court file until October 15, 2002 (filing 182).

During the period between issuance of the Eighth Circuit's opinion on March 8, 2002, and this court's awareness of the mandate and judgment on October 15, 2002, the parties prepared and submitted briefs regarding the calculation of prejudgment interest.

allowed only on the balance due after deductions of the offsetting amounts, and payments that may already have been made." *Price*, 693 P.2d at 559. Thus, the amounts upon which interest should accrue in this case are the defense-cost amounts arrived at by the court after adjustment for unreasonableness—$89,552.77 in favor of ASA and $450,077.33 in favor of Coregis.

## II. Dates From Which Prejudgment Interest Should Accrue

 Montana law provides that prejudgment interest shall not begin to accrue until "the exact amount due is ascertained or is ascertainable." *In re Marriage of Gerhart*, 245 Mont. 279, 800 P.2d 698, 701 (1990). While "the exact amount due" in this case was not determined until the court issued its memorandum and order and judgment finding that ASA's claimed defense costs should be reduced for unreasonableness, the Eighth Circuit Court of Appeals has directed that interest be awarded before the date of judgment, noting that "ASA's attorney bills contained no ambiguity and no room for interpretation. The amount stated was the amount due." (Filing 167, at 13.)

 When a contract is involved, Montana courts generally look to the day upon which the defendant was obligated to make payment under the contract as the correct date to begin calculating prejudgment interest. In *Western Indus., Inc. v. Chicago Mining Corp.*, 279 Mont. 105, 926 P.2d 737, 741 (1996), the court awarded prejudgment interest under Mont.Code Ann. § 27–1–211 to a creditor against the guarantors of a debt from the date on which the contractual guarantee was triggered. "Western's right to recover from the Guarantors vested on February 1, 1991, the date on which CMC failed to make the payment that was then due," which triggered the guarantors' payment obligation. *Id.* See also *Byrne v. Terry*, 228 Mont. 387, 741 P.2d 1341, 1343 (1987) (prejudgment interest runs from date payment should have been made); *Pirtz Constr. Inc. v. Hardin Town Pump, Inc.*, 214 Mont. 131, 692 P.2d 460, 465–66 (1984) (plaintiff construction company entitled to prejudgment interest from the "day it was entitled to payment," which was the day construction project substantially complete).

 Further, when an insurer breaches its obligations under an insurance policy, prejudgment interest accrues from the date the insurer should have made payment under its policy. *Interstate Fire & Cas. Co. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1240 (9th Cir.1998) (applying Oregon law which provides that prejudgment interest begins to accrue when monies become due, court held prejudgment interest against insurer began to accrue from date insurer became obligated to make payments under terms of its policy, not later when contribution was demanded of it). As I have previously determined, St. Paul's duty to defend the ASA in the Blue Dane Litigation was triggered upon the ASA's tender of the initial complaint to St. Paul on April 18, 1994, making St. Paul liable for payment of prejudgment interest at any time after that date. (Filing 132, at 41.)

### A. Prejudgment Interest Due Coregis

 From May 31, 1995, to December 2, 1999, Coregis paid the ASA $809,830.73 for costs incurred by the ASA in defense of the Blue Dane Litigation. (Filing 132, at 10; March 2000 Trial Ex. 17.) I have previously held that Coregis and St. Paul were obligated to share ASA's defense costs pro rata based on the amount of maximum coverage provided by each insurer compared with the total available maximum coverage under both policies

combined, making Coregis liable for 40 percent of the ASA's defense costs and attorney fees incurred in the Blue Dane Litigation, and St. Paul liable for 60 percent of those costs. (Filing 132, at 41.) Because only Coregis was making payments to the ASA during the Blue Dane Litigation, Coregis was overpaying the ASA by the 60–percent share St. Paul should have been paying. Thus, prejudgment interest shall begin to accrue on the dates Coregis made payments on ASA invoices (exs. 17 & 18) to the date preceding the date of judgment, July 25, 2000 (filing 133), calculated as follows:

| Date of payment | Amount of payment | 60% of Amount Paid[3] | Reduced by 25%[4] | Days Between Payment Date and Judgment | Prejudgment Interest Calculation (10% Annual or .00027% Daily Interest Rate)[5] | Interest Due Coregis |
|---|---|---|---|---|---|---|
| 5/31/95 | $60,713.88 | $36,428.33 | $27,321.25 | 1,881 | 13875.643238 | $13,875.64 |
| 12/15/95 | 45,030.09 | 27,018.05 | 20,263.54 | 1,683 | 9207.9552114 | $ 9,207.96 |
| 5/1/96 | 13,562.87 | 8,137.72 | 6,103.29 | 1,545 | 2545.9874235 | $ 2,545.99 |
| 12/1/96 | 21,353.51 | 12,812.11 | 9,609.08 | 1,331 | 3453.2150796 | $ 3,453.22 |
| 4/1/97 | 10,940.21 | 6,564.13 | 4,923.10 | 1,210 | 1608.37677 | $ 1,608.38 |
| 2/1/98 | 44,428.07 | 26,656.84 | 19,992.63 | 904 | 4879.8011304 | $ 4,879.80 |
| 4/2/98 | 200,000.00 | 120,000.00 | 90,000.00 | 844 | 20509.2 | $20,509.20 |
| 7/27/98 | 34,127.61 | 20,476.57 | 15,357.43 | 728 | 3018.6564408 | $ 3,018.66 |
| 10/5/98 | 25,296.87 | 15,178.12 | 11,383.59 | 658 | 2022.4085994 | $ 2,022.41 |
| 10/5/98 | 54,377.62 | 32,626.57 | 24,469.93 | 658 | 4347.3277638 | $ 4,347.33 |
| 12/2/99 | 300,000.00 | 180,000.00 | 135,000.00 | 235 | 8565.75 | $ 8,565.75 |
| TOTAL | 809,830.73 | 485,898.44 | 364,423.83 | | 74034.4216564 | $74,034.34 |

### B. Prejudgment Interest Due ASA

■ The Eighth Circuit Court of Appeals has directed that St. Paul pay prejudgment interest on the $89,552.77 the ASA paid for its own defense costs in the Blue Dane Litigation. The evidence establishes that the ASA paid its lawyers the amount on which interest is to be awarded between June 2, 1994, and May 2, 1995, as follows [6]:

---

3. This column represents the portion of ASA's defense costs St. Paul should have been paying.

4. This column reduces the amount billed and paid by 25 percent to account for unreasonableness.

5. The interest should not be compounded because neither Mont.Code Ann. §§ 27–1–211 nor 31–1–106 indicate that interest awards should be compounded.

6. The following information was derived from Exhibits 13, 15, and 24. I did not consider defense-cost amounts billed or paid before ASA tendered the initial Blue Dane complaint to St. Paul on April 18, 1994. Further, the defense-cost amounts billed to and paid by ASA have been reduced by 25 percent to account for unreasonableness.

| Attorneys' Fees Statement Date | Total Amount Billed on Statement | Amount of Bill Consisting of Recoverable Defense Costs | 25% Reduction for Unreasonableness |
|---|---|---|---|
| 6/2/94 | $10,732.86 | $10,475.86 | $ 7,856.90 |
| 7/8/94 | 5,163.52 | 5,019.02 | 3,764.27 |
| 8/3/94 | 1,608.10 | 1,395.60 | 1,046.70 |
| 9/7/94 | 541.25 | 481.75 | 361.31 |
| 10/5/94 | 1,999.09 | 1,999.09 | 1,499.32 |
| 11/4/94 | 13,331.45 | 9,374.95 | 7,031.21 |
| 12/2/94 | 21,652.42 | 19,463.45 | 14,597.59 |
| 1/5/95 | 6,034.79 | 4,990.79 | 3,743.09 |
| 2/2/95 | 23,276.15 | 21,193.15 | 15,894.86 |
| 3/6/95 | 26,782.89 | 23,140.64 | 17,355.48 |
| 4/4/95 | 16,406.06 | 14,382.06 | 10,786.55 |
| 5/2/95 | 13,094.35 | 11,921.85 | 8,941.39 |
| **TOTAL** | | | **$92,878.67** |

Thus, St. Paul is liable to the ASA for prejudgment (simple) interest at a rate of 10 percent on the $89,552.77 that ASA paid for its own defense costs. Such interest should run from May 2, 1995 (the date by which the ASA paid $89,552.77 to its attorneys) to July 24, 2000 (the last day before judgment was entered)—a time period of 1,911 days—for a total of $46,206.54.

Accordingly,

IT IS ORDERED:

1. Defendant St. Paul Fire & Marine Insurance Company shall pay to third-party plaintiff Coregis Insurance Company prejudgment interest in the amount of $74,034.34;

2. Defendant St. Paul Fire & Marine Insurance Company shall pay to plaintiff American Simmental Association prejudgment interest in the amount of $46,206.54;

3. A Judgment on Prejudgment Interest shall be entered by separate document.

### JUDGMENT ON PREJUDGMENT INTEREST

Pursuant to the court's memorandum and order entered this date, judgment is hereby entered as follows:

1. Judgment is entered against defendant St. Paul Fire & Marine Insurance Company and in favor of third-party plaintiff Coregis Insurance Company for prejudgment interest in the amount of $74,034.34;

2. Judgment is entered against defendant St. Paul Fire & Marine Insurance Company and in favor of plaintiff American Simmental Association for prejudgment interest in the amount of $46,206.54.